

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**KEONTE YORKSHIRE,**

    Petitioner,

v.                                           **CRIMINAL ACTION NO. 2:18-cr-177**

**UNITED STATES OF AMERICA,**

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Keonte Yorkshire's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Pet'r's Mot. Vacate, ECF No. 599 ("Pet'r's Mot."). The Government supported the Motion and Petitioner did not reply. Resp't's Mem. Supp. Pet'r's Mot. Vacate, ECF No. 605 ("Resp't's Mem. Supp."). The matter is now ripe for judicial determination. Having reviewed the Motion and relevant filings, the Court finds that a hearing is not necessary to address Petitioner's Motion. *See* 28 U.S.C. § 2255(b) (A court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."). For the reasons set forth below, Petitioner's § 2255 Motion is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On November 6, 2018, Petitioner, and his eight co-defendants, were named in an eight-count Indictment. Indictment, ECF No. 1. Count One charged Petitioner with Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a). *Id.* Counts Two and Four charged Petitioner with Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2. *Id.* Counts Three and Five charged Petitioner with Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *Id.* Count Six charged Petitioner with Attempted Interference with Commerce by Means of Robbery, in violation

1

of 18 U.S.C. §§ 1951(a) and 2. *Id.* Finally, Count Seven charged Petitioner with Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. *Id.* On February 5, 2019, Petitioner pled guilty to Counts One, Four, Five, Six and Seven of the Indictment pursuant to a Plea Agreement. Plea Agreement Hearing, ECF No. 80; Plea Agreement. ECF No. 81.

According to the Presentence Investigation Report ("PSR"), which incorporated the Statement of Facts that Petitioner agreed to as part of his plea agreement, from on or about September 25, 2018, to on or about October 3, 2018, in the Eastern District of Virginia, Petitioner and his co-defendants engaged in a conspiracy and interfered with commerce by means of robbery. Presentence Invest. Report ¶ 15, ECF No. 259 ("PSR"); *see also* Statement of Facts, ECF No. 82. The conspiracy involved Petitioner and his co-defendants robbing grocery stores at gunpoint to obtain or attempt to obtain U.S. currency. *Id.* As part of the conspiracy, Petitioner and his co-defendants used, at least, a six-member team on each robbery, comprising of inside and outside lookouts, getaway drivers, and two masked gunmen. *Id.*

On or about September 25, 2018, in the Chesapeake, Virginia, Petitioner and his co-defendants robbed a Food Lion grocery store. *Id.* Two co-conspirators each brandished and pointed a firearm in the direction of two Food Lion employees and a customer, forced them to get on the ground, and stole approximately $4,880 at gunpoint. *Id.*

On or about September 29, 2018, in the Virginia Beach, Virginia, Petitioner and his co-defendants robbed a Food Lion grocery store. *Id.* Petitioner served as a lookout. *Id.* One co-defendant pressed a firearm directly into the back of a Food Lion employee, forced her to move to an office to obtain keys to the store safe, and worked with another co-defendant to steal approximately $731. *Id.*

On or about October 3, 2018, in the Virginia Beach, Virginia, Petitioner and his co-defendants attempted to rob a Harris Teeter grocery store and attempted to take U.S. currency. *Id.* Petitioner served as a lookout. *Id.* Two co-defendants forced an employee over to a safe and told him to open it and give

them the money. *Id.* The Harris Teeter employee was unable to open the safe and was then pushed over a grocery cart. *Id.* One of the co-defendants fell over in the scuffle. *Id.* When the co-defendant stood back up, he pointed his weapon at the employee and discharged his firearm multiple times at the employee, striking said employee one time. *Id.*

Petitioner was assessed a Criminal History Category of III and Total Offense Level of 28. *Id.* at ¶¶ 100-101. The Court sentenced Petitioner to 60 months' incarceration on Counts One, Four, and Six to be served concurrently to each other, 90 months' imprisonment on Count Five to be served consecutively to Count One, and 90 months' imprisonment on Count Seven to be served concurrently with Count Five. J., ECF No. 300.

On December 27, 2022, Petitioner timely filed the instant *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Pet'r's Mot. Petitioner argues that his § 924(c) convictions no longer rely on crimes of violence after *United States v. Taylor*, 142 S. Ct. 2015 (2022). *Id.* at 5. Petitioner requests the Court vacate his sentence and conviction. *Id.* at 12. On January 30, 2023, the Government replied in support. Resp't's Mem. Supp.

## II. LEGAL STANDARD

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal."

*Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

### B. Crime of Violence Under 18 U.S.C. § 924(c)

Section 924(c)(1)(A) provides that a person who "uses or carries a firearm" "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime *and* the additional, distinct crime of utilizing a firearm in connection with a "crime of violence." 18 U.S.C. § 924(c)(1)(A) (2018). Utilizing a firearm in connection with a crime of violence is punishable by at least five consecutive years of imprisonment, with at least seven years of imprisonment if the firearm is brandished, and at least ten years of imprisonment if the firearm is discharged. *Id.* at § 924(c)(1)(A)(i)-(iii). Section 924(c)(3) defines a "crime of violence" as "an offense that is a felony and--

  (A)  has as an element the use, attempted use, or threatened use

4

>  (B)  of physical force against the person or property of another, or
> that by its nature, involves a substantial risk that physical
> force against the person or property of another may be used
> in the course of committing the offense."

*Id.* at § 924(c)(3)(A)-(B). Courts commonly refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause." In June of 2019, however, the United States Supreme Court in *United States v. Davis* held that the "residual clause" is unconstitutionally vague. 139 S. Ct. 2319 (2019). Therefore, courts may only impose sentences for the distinct firearm offenses found in § 924(c)(1)(A) through the "force clause" under 18 U.S.C. § 924(c)(3)(A). The Supreme Court has further held that neither a conspiracy to commit Hobbs Act robbery nor an attempted Hobbs Act robbery contain the necessary elements of use, attempted use, or threatened use of physical force to serve as predicate offenses for an additional § 924(c)(1)(A) charge. *United States v. Taylor*, 142 S. Ct. 2015 (2022).

### III. DISCUSSION

Petitioner argues that his 924(c) convictions no longer rely on crimes of violence after *Taylor*. Pet'r's Mot. at 5. The Government agrees that in light of *Taylor*, the conviction and sentence on Count Seven should be vacated. Resp't's Mem. Supp. Because Petitioner argues that his 924(c) convictions should be vacated on Counts Five and Seven, the Court addresses both below.

Count Five validly relies on a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). *See* Indict. at 11. In *United States v. Mathis*, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held that robbery pursuant to 18 U.S.C. § 1951(a) cannot be accomplished without an element that includes the use, attempted use, or threatened use of physical force against the person or property of another. 932 F.3d 242, 265-66 (4th Cir. 2019). The Fourth Circuit concluded that a Hobbs Act robbery constitutes a crime of violence under the force clause at § 924(c)(3)(A), not the residual clause at § 924(c)(3)(B). *Id.* Accordingly, a Hobbs Act robbery constitutes a valid crime of violence for the purposes of a § 924(c) conviction. *Id.*

According to the Indictment, the predicate offenses for Count Five was Count Four. *See* Indict. at 10-11. Specifically, Count Five charged Petitioner with using a firearm during a crime of violence, namely: "interfere with commerce by means of robbery . . . as set forth in Count Four of this Indictment." *Id.* at 11. Moreover, the fact that Petitioner's liability stems from aiding and abetting a robbery does not change the legal analysis or invalidate his crimes as those of violence. *See United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021) ("[A]iding and abetting Hobbs Act robbery is a valid predicate under § 924(c)'s force clause."); *see also Benson*, 957 F.3d at 240 (affirming defendants' convictions for aiding and abetting the use of a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1)). Petitioner's conviction on Count Five therefore relied on a substantive Hobbs Act robbery offense, in violation of 18 U.S.C. § 1951(a).

However, the predicate offense for Count Seven is Count One, conspiracy to interfere with commerce by means of robbery, and Count Six, attempt to interfere with commerce by means of robbery, neither of which can serve as predicate offenses for an additional § 924(c)(1)(A) charge. The Supreme Court has held that neither a conspiracy to commit Hobbs Act robbery nor an attempted Hobbs Act robbery contain the necessary elements of use, attempted use, or threatened use of physical force to serve as predicate offenses for an additional § 924(c)(1)(A) charge. *United States v. Taylor*, 142 S. Ct. 2015 (2022). Counts Seven does not rely on a predicate offense which is a crime of violence under the force clause of § 924(c). Therefore, Petitioner's conviction under Count Seven must be vacated.

## IV. CONCLUSION

For the reasons set forth above, the Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Previously Imposed pursuant to 28 U.S.C. § 2255 is **GRANTED**. Petitioner's sentence on Count Seven is **VACATED** and **SET ASIDE**. Petitioner is no longer required to serve a term of ninety (90) months concurrently to Count Five. Accordingly, the one hundred dollar ($100.00) special assessment imposed on Count Seven is an overpayment of special assessment which shall be transferred

to the restitution balance the Defendant owes.

The Court has the option to correct the sentence as may appear appropriate. 28 U.S.C. § 2255. The Court has "a 'broad and flexible' power... 'to fashion an appropriate remedy.'" *United States v. Hillary*, 106 F.3d 1170, 1171-72 (4th Cir.1997) (quoting *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir.1992)). All other provisions of the Court's judgment shall remain unchanged, and the Court will issue an amended judgment.

The Court **DIRECTS** the Clerk to mail a copy of this Order to counsel for Petitioner and Respondent.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 30, 2023

Raymond A. Jackson
United States District Judge